COMMONWEALTH *vs.* CLINTON W. KELSALL, JR. No. 02-P-1006. November 26, 2003. *Assault and Battery. Intimidation of Witness. Witness,* Intimidation. *Evidence,* Hearsay, Spontaneous utterance. *Practice, Criminal,* Hearsay.

The defendant was convicted in a jury-waived trial in the District Court of assault and battery, G. L. c. 265, § 13A, and intimidation of a witness, G. L. c. 268, § 13B. The defendant raises a single issue on appeal, viz., whether subsequently disavowed hearsay statements admitted under the excited utterance exception can provide the sole basis for his criminal convictions. We affirm.

*Facts.* On the evening of April 7, 2002, Yarmouth police received an aborted 911 call from the residence of the victim, Michelle Bergman. When a dispatcher called back, the victim answered and requested police assistance. She said that she had argued with her boyfriend and that he had hit her. The victim was crying and otherwise upset during the call. When police arrived at the victim's home, she again stated that she had argued with her boyfriend and that he had hit her.

The next morning, the victim again summoned police to her home. She told officers that the defendant had come back, disconnected her telephone to prevent her from calling for help, and then argued with the victim. She stated that the defendant had told her that if she attempted to call anyone he would use physical force to stop her. The defendant was arrested shortly thereafter while driving in the victim's car.

At trial, the Commonwealth's evidence consisted of a tape of the 911 call, police testimony relating the victim's reports at the scene, testimony of the 911 dispatcher, and police testimony regarding both the victim's physical condition (she was upset but had no obvious physical injuries) and the circumstances attending the defendant's arrest. For her part, the victim testified that the defendant had not hit her. She stated that she had been drinking on the night of the alleged attack and that, although the voice on the 911 tape was hers, she did not remember saying that the defendant had hit her. Other relevant facts are included in our analysis as necessary.

*Discussion.* Even if we assume that the defendant may have been convicted solely on the basis of evidence of excited utterances contradicted by the declarant at trial, we would discern no error. The defendant concedes in his brief that his argument rests wholly on our decision in *Commonwealth* v. *Moquette*, 53 Mass. App. Ct. 615 (2002). In *Moquette*, we concluded generally that a criminal conviction could not rest solely on evidence of extrajudicial excited utterances subsequently disavowed by the declarant; rather, some other corroborating evidence is required. *Id.* at 619-623.

However, at the time the defendant filed his notice of appeal, May 17, 2002, our decision in *Moquette* had been accepted by the Supreme Judicial Court for further appellate review. (The Commonwealth's application for further appellate review was allowed March 27, 2002.) On July 10, 2003, while the defendant's appeal was still pending before us, the Supreme Judicial Court affirmed the conviction in the *Moquette* case, concluding that "[a] spontaneous utterance is sufficient, by itself, to support a conviction." *Commonwealth* v. *Moquette*, 439 Mass. 697, 702 (2003). That defeats the defendant's claim.

Even if our opinion in *Moquette* was applicable to this case, the defendant's claim likely would fail in any event. In the first place, at least as to the 911 tape, the victim did not squarely contradict the excited utterance evidence, but merely stated that she did not remember making the remarks. Hazy memory and affirmative disavowal are not equivalents. Further, we expressly limited application of our holding in *Moquette* to situations in which there was no evidence of bias on the part of the declarant. *Commonwealth* v. *Moquette*, 53 Mass. App. Ct. at 622-623. Here, to the extent that the relationship between the defendant and victim at the time of trial was ambiguous, it is possible that she harbored a motive to tailor her testimony in favor of the defendant.

*Judgments affirmed.*

*Daniel J. Bennett* for the defendant.

*Julia K. Holler*, Assistant District Attorney, for the Commonwealth.